UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA M. COLLINS,

    PLAINTIFF,

V.                                                           CASE NO.: 8:19-CV-2145

SCHOOL BOARD OF PINELLAS
COUNTY, FLORIDA,

    DEFENDANT.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ANGELA M. COLLINS, (hereinafter referred to as "the Plaintiff"), by and through her undersigned counsel and sues the Defendant, SCHOOL BOARD OF PINELLAS COUNTY, FLORIDA, (hereinafter referred to as the "Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1. This action arises, in part, under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12111 *et seq*., Florida Civil Rights Act (FCRA), FL Workers' Compensation Interference & Retaliation, § 440.205, Florida Statutes. This Court has jurisdiction to grant relief pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4), 29 U.S.C. § 1001 *et seq*..

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 42 U.S.C. §2000(e)-5(f)(3) and 28 U.S.C. §1391(b),(c) because the unlawful employment practices were

committed within this judicial district. All facts and circumstances arising from this dispute took place in Pinellas County, Florida.

4. Plaintiff is an individual who resided in Pinellas County, Florida, when she sought employment with the Defendant. At all times material herein, Plaintiff was employed by Defendant or sought employment with the Defendant.

5. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) because it is engaged in an industry affecting commerce and has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age and disability, a copy of which is attached hereto and incorporated herein as Exhibit "A."

7. This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue, dated May 28, 2019, in reference to EEOC Charge Number 511-2019-02602, from the U.S. Equal Employment Opportunity Commission, a copy of which is attached hereto and incorporated herein as Exhibit "B."

## GENERAL FACTUAL ALLEGATIONS

8. The Plaintiff was hired as a School Bus Driver in May of 2005.

9. On April 19, 2018, the bus Plaintiff was driving was struck by a Fire Truck after it lost control and went up on the median and hit the side of the bus and mirror. On October 4, 2018, Plaintiff was found not to be at fault for the accident by Defendant.

10. Plaintiff sustained injuries from the bus accident to her arm and a herniated disc requiring surgery. She will need to have surgery to correct the use of her arm as she does not have normal functioning.

11. Plaintiff filed a Worker's Compensation Claim upon arrival to work the following morning.

12. Plaintiff was sent to a workers' compensation physician on April 20, 2018. The physician diagnosed it as a muscle injury and refused to conduct any testing. The physician reported zero MMI in June of 2018. He refused to provide additional care.

13. Thereafter, the Plaintiff's physician took MRIs and X-rays identifying a herniated disc.

14. The Plaintiff missed work through the end of the school year after her workers' compensation accident.

15. The Plaintiff returned work at the beginning of the school year in August of 2018.

16. The Plaintiff's injury was growing progressively worse with use of her arm and hand. Further, this was compounded because the Plaintiff was provided a faulty bus in poor working conditions.

17. On or about November 16, 2019, the Plaintiff's entire left side of her body gave out.

18. Plaintiff informed Felicia Salters on or about November 16, 2019 that she was unable to use her limbs from the workers' compensation injury. When the Plaintiff requested light duty, she was denied.

19. Plaintiff took FMLA and/or ADA medical leave from November 27, 2019 through December 16, 2019.

20. Plaintiff again requested light duty work in January of 2019.

21. Plaintiff took FMLA and/or ADA medical leave from January 7, 2019 – January 28, 2019.

22. Plaintiff took FMLA and/or ADA medical leave from January 29, 2019 – February 26, 2019.

23. Plaintiff took ADA medical leave for an additional thirty (30) calendar days beginning February 26, 2019.

24. Plaintiff took ADA medical leave from March 26, 2019 – April 9, 2019.

25. Plaintiff took ADA medical leave from April 10, 2019 – May 22, 2019.

26. In February of 2019, the workers' compensation adjuster began authorizing medical visits after a petition was filed by Plaintiff's workers compensation attorney.

27. Some time in March or April of 2019, the private insurance refused to pay for the Plaintiff's surgery and the surgery schedule for April 10, 2019 was canceled.

28. The Plaintiff was unable to have the surgery completed because neither insurance was willing to pay for the insurance benefits.

29. The Plaintiff also requested to take the fitness for duty test with Tracey Balderman, but was denied an appointment. During the discussion she was asked "could you turn your head' and "can you look back" to which the Plaintiff replied no. Ms. Badterman offered to assist her in receiving leave through May 28, 2019.

30. The insurance adjuster contacted Tracey Balderman and berated her for attempting to seek leave on her behalf. Ms. Balderman said "Angie - they trying to can you and there is nothing I can do."

31. The Plaintiff requested an extension on her leave of absence through the end of the school year because she required surgery and hoped to get it completed on or before August of 2019. This

would have required approved leave of absence under the ADA just five days through May 28, 2019.

32. Plaintiff spoke with numerous representatives of the Defendant all of whom claimed that because the workers' compensation physician under the direction of the claims adjuster was disputing the injury, the Plaintiff was ineligible for the additional five days of unpaid medical leave.

33. Plaintiff received correspondence from the Defendant on May 16, 2019. The correspondence stated that she must return to work on May 23, 2019 with a doctor's note stating full duty, no restrictions or resign her position in Transportation as a Bus Driver. See Exhibit "C".

34. On May 23, 2019, Plaintiff was forced to resign her position as a Bus Driver for the Defendant because the Defendant refused to extend her accommodation for merely five calendar days.

35. Other similarly situated employees who suffered a workplace injury were afforded extended leaves beyond their accrual bank, were afforded access to medical treatment, and were not harassed and targeted for termination.

## COUNT I – FAILURE TO ACCOMMODATE

36. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 - 35 of this Complaint.

37. The Defendant knew of the Plaintiff's disability.

38. The Defendant failed to provide the reasonable accommodation of five calendar day extension on her leave of absence which resulted in her termination or loss of employment.

39. Defendant is a "person" within the meaning of §101(7) of the ADA, 42 USC § 1211(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, in that, the definition

includes one or more individuals, … , partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations…

40. At all times relevant hereto, Plaintiff is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 USC § 12102, which provides "disability" means a physical or mental impairment that substantially limits one or more major life activities of such individual… Specifically, Plaintiff has a herniated disk in her neck that needs to be replaced. The injury without surgery interferes with her ability to move her turn her neck fully which makes driving and operating a bus impossible. She also has difficulty moving her primary arm sufficient to operate a vehicle.

41. Plaintiff is a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), in that Plaintiff would be able to have surgery and recuperate with the surgery. The surgery was delayed because the insurance companies workers compensation and health insurance both refuse to pay for the surgery.

42. Other similarly situated employees have been allowed to stay on medical leave from an injury for a year or more.

43. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

   WHEREFORE, Plaintiff, ANGELA M. COLLINS, respectfully demands judgment against Defendant, SCHOOL BOARD OF PINELLAS COUNTY, FLORIDA, any and all available relief under the ADA including, but not limited to back pay, reinstatement or front pay,

compensatory damages, attorneys' fees and costs, prejudgment interest and such other relief as this Court deems just and proper.

## COUNT II – FLORIDA CIVIL RIGHTS ACT

44. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 - 35 of this Complaint.

45. The Florida Civil Rights Act of 1992 makes it unlawful for an employer to discriminate against an employee because of age. Section 760.10 Florida Statutes.

46. At all times relevant, Plaintiff is a covered employee with a disability as defined under the Florida Civil Rights Act, because she is a qualified individual with permanent and substantial limitations to major life activities, including the major life activities of moving her arm, walking, turning her head, driving and ambulating, who was able to perform the essential functions of her job with reasonable accommodation.

47. Other similarly situated employees have been allowed to stay on medical leave from an injury for a year or more.

48. The Defendant knew of the Plaintiff's disability.

49. The Defendant failed to provide the reasonable accommodation of five calendar day extension on her leave of absence which resulted in her termination or loss of employment.

50. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, ANGELA M. COLLINS, respectfully demands judgment against Defendant, SCHOOL BOARD OF PINELLAS COUNTY, FLORIDA, any and all available relief under the Florida Civil Rights Act including, but not limited to back pay, reinstatement or front pay, compensatory damages, attorneys' fees and costs, prejudgment interest and such other relief as this Court deems just and proper.

## COUNT III: VIOLATION OF FLORIDA'S WORKERS' COMPENSATION INTERFERENCE & RETALIATION, SECTION 440.205 OF THE FL STATUTES

51. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 35 of this Complaint.

52. This is an action for interference, retaliation, and retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

53. Section 448.205 of the Florida Statutes states that: "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

54. Defendant took these adverse personnel actions against the Plaintiff under the direction of workers' compensation adjuster in a concerted effort to force the Plaintiff to forfeit her rights under workers compensation or otherwise intimidate the Plaintiff into not electing surgery.

55. Other similarly situated employees have been allowed to stay on medical leave from an injury for a year or more.

56. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, ANGELA M. COLLINS, respectfully demands judgment against Defendant, SCHOOL BOARD OF PINELLAS COUNTY, FLORIDA,  , any and all available relief under Workers' Compensation Law including, but not limited to back pay, compensatory damages, attorneys' fees and costs, prejudgment interest and such other relief as this Court deems just and proper.

## JURY DEMAND

57. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated this 27th day of August, 2019

/s/ Frank M. Malatesta, Esq.
FRANK MALATESTA, ESQUIRE
Florida Bar No.: 97080
Malatesta Law Office
871 Venetia Bay Blvd.
Suite 235
Venice, FL 34285
Phone: (941) 256 - 3812
Fax: (888) 501 - 6612
frank@malatestalawoffice.com
staff@malatestalawoffice.com